## ROBERT S. BENNESON *et al.*, Plaintiffs in Error, *v.* WILLIAM B. THAYER *et al.*, Defendants in Error.

### ERROR TO ADAMS.

Where a note of a firm is taken in satisfaction of a claim for work and materials furnished to one of the partners, and the settlement is made in accordance with the usual mode of doing business between the parties, a mechanics' lien cannot afterwards be sustained for said work and materials.

THIS was a proceeding on the part of the plaintiffs in error to enforce a mechanics' lien for work done and materials furnished for William B. Thayer, and to hold the lot on which the improvements were made for the payment of their claim.

A settlement was made between the parties, and a note of the firm of S. and W. B. Thayer was given in payment of the balance due. Afterwards S. and W. B. Thayer failed; and the lot in question was sold under a trust deed, and Flagg and Savage became the purchasers. The remaining facts are sufficiently stated in the opinion.

The case was tried before SIBLEY, Judge.

SKINNER, BENSON & MARSH, for Plaintiffs in Error.

BROWNING & BUSHNELL, for Defendants in Error.

CATON, C. J. The question in this case is, whether the complainants took the note of S. and W. B. Thayer, in payment and satisfaction of the claim for which this suit is brought. All the evidence on this point is contained in testimony of Segar, and is in substance this: That he was clerk and book keeper of S. and W. B. Thayer; that on the eighteenth day of September, 1857, Corrill, one of the plaintiffs, came to the business office of said S. and W. B. Thayer, to make a settlement with them, and brought an account of the plaintiffs against said William B. Thayer, amounting to $815.77, and consisting of the items of charge contained in plaintiffs' petition herein, for labor and materials furnished as therein alleged, and also an account of said plaintiffs against said S. and W. B. Thayer, amounting to $73.46; that said account against said William B. Thayer being admitted by him to be correct, and said account against said S. and W. B. Thayer being admitted by them to be correct, and said S. and W. B. Thayer having an account against Robert S. Benneson, one of the plaintiffs, amounting to $40.40, which was admitted to be correct, said Segar deducted said account of $40.40 from said amount of

$815.77 and $73.46, and executed to the plaintiffs the promissory note in the firm name of S. and W. B. Thayer, before herein copied; that said accounts were not receipted but were filed in the office of S. and W. B. Thayer. And it was admitted that the amount in said note mentioned included the amount of plaintiffs' account against said William B. Thayer, and also plaintiffs' account against S. and W. B. Thayer, after deducting from the aggregate amount the account of S. and W. B. Thayer against said Robert S. Benneson. That after said settlement and the execution of said note, he, the witness, made the appropriate entries upon the books of said S. and W. B. Thayer, corresponding with said settlement. And said note was accepted by said Corrill, and the aforesaid accounts against said William B. Thayer and S. and W. B. Thayer given up to witness. At this time, said S. and W. B. Thayer were considered good, were doing a large business and were in good credit. There had been dealings between the said firms of S. and W. B. Thayer and Benneson & Co., for some years, and settlements had previously been had between them, and which were always made in the same way that this was; all accounts of both firms against each other, and against or in favor of any of the individual members thereof, being brought in and adjusted, and the note of the firm given for the balance. Before settling these accounts and giving the note as aforesaid, witness showed said accounts to S. and W. B. Thayer, and was authorized by them to make the settlement in the manner in which it was made, and to execute their note for the balance, which he did. This settlement was made by witness and said Corrill, both looking over the accounts to ascertain the balance, and both participating in what was done. Said witness further testified: That S. and W. B. Thayer were a business firm, consisting of said William B. and Sylvester Thayer; that they had done and were doing a very large business in the city of Quincy, and were brothers; that it was the usual course of business with said firm, when accounts of the character of the accounts above stated, existed, or accounts against the firm and also against the individual members thereof, in favor of the same person, or in favor of the firm or the individual members thereof, against persons who had accounts against them, or either of them, to settle said accounts together, and execute a note in the firm name for the balance, if any existed, and charge the members of the firm upon the firm books accordingly; that witness settled these accounts and struck the balance, and executed said firm note, solely because it was according to the course of business and usage of said firm of S. and W. B. Thayer and the members thereof, and because he had shown said accounts to

them and they had authorized him to do so; that the plaintiffs did not demand or require any security for said account against said William B. Thayer. Witness does not know that said note was executed for the purpose of obtaining the security or joint liability of Sylvester Thayer; that nothing was said in regard to the form or parties to the note by Corrill or the plaintiffs, and that said Corrill did no more than to take said note so executed by witness, nor does witness know that said Corrill particularly examined said note.

We cannot say that we think the court erred in finding from this testimony that complainant took the firm note of S. and W. B. Thayer in payment of this demand. The parties had had dealings before, both as individuals and as firms, and they had always been settled in the same way. It had always been the practice in settlements between these firms, to bring in all accounts which either firm, or any member thereof, had against the other firm, or any member thereof, and give the firm note for the balance found due. In this very settlement, the account against W. B. Thayer was reckoned as an account against S. and W. B. Thayer, and an account of this firm against R. S. Benneson was reckoned as an account against Benneson & Co.; and this was the well known mode of settlement recognized and approved by both firms. This account thus paid by S. and W. B. Thayer was charged to W. B. Thayer on the books of that firm, as so much paid by them for him, and the character of the transaction shows that this was done with the implied sanction of Benneson & Co. Had a settlement taken place between the Thayers the next day after the note was given, they would have been fully authorized to have treated this as so much money paid by the firm of S. and W. B. Thayer for the use of W. B. Thayer, and so in regard to the account against R. S. Benneson, which was settled by Benneson & Co. As to the individual members of the firms, the transactions were finally closed and satisfied, and the liabilities and claims confined to the respective firms alone. It is true that the individual accounts were not receipted by the respective firms, when the balance was struck and the note given. Nor does it appear that the firm accounts were then receipted, and we have no reason to suppose that it was expected or intended that these accounts would be receipted when the note should be paid. When in this settlement, Benneson & Co. allowed the account which S. and W. B. Thayer had against R. S. Benneson to be deducted from the amount due Benneson & Co., and the note taken for the balance, could any one doubt that all parties looked upon that account as satisfied? Or, if the firm of Benneson & Co. had been indebted to S. and W. B. Thayer in an amount greater than the amount found due them

upon this settlement, and Benneson & Co. had given their note to S. and W. B. Thayer for the balance thus found due, will any one contend that an assignee of Benneson & Co. could have repudiated this settlement and collected the amount of this bill of W. B. Thayer, and thus augmented the amount to that extent, due from Benneson & Co. to S. and W. B. Thayer, and compelled them to take fifty cents on the dollar of the amount, for want of assets to pay more; or suppose the law had given no lien in this case, could the assignee of the insolvent firm of S. and W. B. Thayer ignore this settlement, and compel R. S. Benneson to pay the amount due S. and W. B. Thayer in full, and compel Benneson & Co. to content themselves with five cents on the dollar of the debt due them by S. and W. B. Thayer? Such we cannot believe was the intention of any of these parties. The settlement was fairly made with a full understanding by both firms, and it ought not now to be disturbed. Benneson & Co put this note in their safe and made no question but that the settlement was complete and satisfactory till S. and W. B. Thayer failed. With full knowledge of the character of this settlement, had not Flagg & Savage a right to suppose that this lien was discharged, and to purchase the premises for their full value? We think prudent men were authorized so to act, and it would be bad faith to the purchasers to treat the lien as still subsisting.

We think the decree was correct, and it must be affirmed.

*Decree affirmed.*