WILLIAM BURKHART *et al.*, Appellants, *v.* CHARLES REISIG, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

The intention of the statute for mechanics' liens is, that the contract must have reference to some particular tract of land, or town lot, in order that the lien may take effect.

A petition for a mechanics' lien must state when the money was to be paid, in order that the court may know whether the suit is commenced within the time required by the statute.

THIS was a petition for a mechanics' lien, filed in the Cook County Court of Common Pleas, by appellee, against appellants, based on a contract which is set out in the opinion.

34

The case was afterwards transferred to the Superior Court of Chicago.

To this petition the defendants filed a special demurrer, and alleged, as causes of demurrer—

1. That it does not appear, by the said petition, that said contract was made with the owner of the premises.

2. The petition does not show a contract to erect said engine, etc., on the land or lot described.

3. It does not allege any contract within the meaning and spirit of the statute.

4. It does not appear that the petitioner furnished " labor or materials for erecting or repairing any building, or the appurtenances of any building," on said land or lot.

5. The case made by the petition does not meet the requirements of the statute.

6. And because the petition is.in other respects informal and insufficient.

And thereafter, on argument of the said demurrer, the same was overruled, with leave to plead over, which not being done, the said petition was taken as confessed.

And afterwards, a decree was entered upon the verdict of a jury, finding the sum of $531.77 due the said petitioner for the materials and machinery constructed, furnished, and erected, by said petitioner, upon the premises as described in the petition; and thereupon the court decreed, that the said petitioner have judgment against the machinery and materials constructed, furnished, and erected by said petitioner, and that such machinery, and materials, and real estate be sold to satisfy said judgment, and that the said William Burkhart and Frederick Burkhart be foreclosed of all right and equity of redemption of the same, and all persons claiming or to claim said premises from or under them, be foreclosed from all equity of redemption from said sale.

A supplemental petition was subsequently filed by appellee, asking other and further relief against the defendants, but as the case is decided on the ground of fatal defects in the original petition, it is not thought necessary to give a more detailed statement.

WOODWARD, LULL & ABBOTT, for Appellants.

C. BECKWITH, for Appellee.

BREESE, J. To dispose of this case properly, it is only necessary to refer to the contract under which this engine and

appurtenances were furnished, and labor bestowed. It is made an exhibit, in the possession of the plaintiff, and is as follows:

" Articles of Agreement, made and entered into this twenty-second day of April, 1859, between Charles Reisig, of Chicago, Ill., party of the first part, and William and Frederick Burkhart, of the same place, party of the second part, to wit:

" The party of the first part agrees to build, for the party of the second part, one upright steam engine, of seven inch bore and twelve inch stroke, with a boiler, thirty inches diameter, ten feet long, with twenty-four flues, three inches diameter, also fire front and grate bars for same, and all the necessary pipes to connect said engine with said boiler. And said party of the first part further agrees to make the bed plate large enough to receive a second cylinder when wanted.

" In consideration of the above, the party of the second part agrees to pay the party of the first part, the sum of one thousand and ten dollars and twenty-five cents, in manner following: two hundred dollars on signing this agreement; two hundred dollars, when the work is finished at C. Reisig's shop; balance in four and eight months from the time it leaves the shop, secured by the notes of the party of the second part. The party of the first part hereby agrees to have the work complete in three weeks from date, and furnish one man to set up the same in the city of Chicago.

" Witness our hands and seals, the day and year first above written.                    CHARLES REISIG.        [SEAL.]
" In presence of            WM. & FRED. BURKHART.  [SEAL.] "
        A. SMITH."

No lot on which a lien could attach, is mentioned in the contract. There is no element of a lien disclosed in the case, and it is not, in any sense, within the statute.

The mechanics' lien law provides, that any person who shall, by contract with the owner of any piece of land or town lot, furnish labor or materials for erecting or repairing any building, or the appurtenances of any building, on such land or lot, shall have a lien upon the whole tract of land or town lot, in the manner herein provided, for the amount due to him for such labor or materials. (Scates' Comp. 156.)

It is averred in the petition, that the engine was placed and erected in the frame building of the defendants, situate on lot number 16, in block number 43, in Ogden's addition to Chicago, but there is no averment that the defendants were the owners of such lot, or claimed any interest in it, or that it was contracted the engine should be so placed and erected thereon. By the contract, the engine could be set up on any lot in Chicago.

We understand the intention of the law is, that the contract must have reference to some particular tract of land or town lot, in order that the lien may take effect. This is merely a contract to build an engine and appurtenances, and furnish aid to set it up anywhere in Chicago.

There is also another objection going to the averments in the petition, and which have been held fatal by this court, in *Cook* v. *Heald*, 21 Ill. R. 425 ; *Same* v. *Vreeland*, ib. 431 ; *Same* v. *Rofinot*, ib. 437 ; and in *Senior* v. *Brebnor*, 22, ib. 252. It is nowhere stated in the petition when the work was performed, nor when the money was to be paid. The contract provides for the last payments in four and eight months from the time the engine was taken from the shop, but there is no averment when that was. We cannot therefore know whether the contract is within the law, nor whether the suit was commenced within six months after the last payment became due, and this for the protection of creditors and incumbrancers. The averment that six months had not elapsed, does not answer this requirement, as the court must judge from the times given, whether it had or not.

The judgment is reversed, and the bill dismissed.

*Judgment reversed.*