JUSTIN H. HILL *et al.*, Plaintiffs in Error, *v.* JOHN BISHOP *et al.*, Defendants in Error.

ERROR TO DE WITT.

25     349
101a    431

A mechanics' lien does not exist, for lumber furnished, upon an open account, without reference to its being placed in any particular building.

THIS bill by defendants in error, states that plaintiffs, in May, 1858, commenced selling and delivering to Hill, lumber, lath, doors, shingles, etc., of the kind and quality specified in an account attached.   At the time of the sale no time of payment was agreed upon; but their value was due at the time of sale and delivery.   Sometimes plaintiffs delayed payment for a short time; but in this instance they made an agreement to wait six months from August 20, 1858.   The materials were used by Hill in building a house on lot, etc., in the town of Clinton, owned by Hill.   That there is due plaintiffs, for said materials, $197.47, with interest at ten per cent., after six months, for which a note was given, which is unpaid.   Elisha Stephens pretends to have some interest in the lot and house.   Prayer for an account, that

the amount due be decreed a lien on the lot; that in default of payment, the lot be sold; and for general relief.

Parties brought in Hill by summons, and Stephens by publication.

Cause was set down for hearing on defendants' default; there was a finding that there was due and unpaid on the materials of said house, $228.56; a decree that the defendants pay complainants said sum, with interest and costs, within twenty days, and in default, that the house and lot be sold at the court house door, without redemption, by the master; that he give the usual notice of sale, and report at next term.

Errors were assigned by Stephens alone, as follows:

That the petition does not show a case for a mechanics' lien, and is wholly insufficient to support the decree.

There is a joint decree against Hill and Stephens, for the payment of money, when the bill does not show any indebtedness of Stephens.

The Circuit Court should have dismissed the bill, and rendered judgment for costs for the defendants below.

GOOKINS, THOMAS & ROBERTS, for Plaintiffs in Error.

C. H. MOORE, for defendants in Error.

CATON, C. J. This petition is manifestly insufficient. It shows that the lumber was furnished upon an open general account, and without reference to its being put into any particular building, or even that it should be used in any building. It would have been no violation of the agreement to purchase it, if the material bought had been used in making furniture, or any other personal property. Under our statute, no lien could be created upon any premises by such a purchase of lumber.

The decree must be reversed, and the suit remanded, with leave to the petitioner to amend his petition.

*Decree reversed.*