DANIEL S. KINZEY *et al.*, Plaintiffs in Error, *v.* HUSHAI THOMAS, Defendant in Error.

ERROR TO HENRY.

An averment in a petition for a lien, which avers that materials were furnished, to be paid for in a reasonable time, does not show that the delivery and payment were to be within three years; this is a substantial defect, which can be reached by a general demurrer.

If it appears that a petitioner for a mechanics' lien, has taken other security either on property or of persons, to satisfy him for his labor and materials, the statutory lien will be discharged.

In no case should a decree for the sale of property under a mechanics' lien, be within a less time than the life of an execution ; and if the amount to be paid is large, a longer time than the life of an execution should be given for payment.

THE petition in this case avers that Thomas (complainant below) made a certain contract with Kinzey, the plaintiff in error, whereby Thomas, in consideration of certain stipulations of Kinsey, agreed to furnish him certain building and fencing materials, to be used in erecting a dwelling-house and appurtenances thereof, on a certain tract of land described in the petition ; and that Kinzey, on his part, in consideration thereof, agreed, within a reasonable time after being furnished with such materials, to pay Thomas a reasonable price therefor.

The answer of Kinzey was, on motion of petitioner, stricken from the files, for not being interposed in apt time. After

this, it also appeared that all the defendants below interposed a demurrer to the petition ; that the demurrer was entertained and considered by the court, and overruled.

The petition alleges no time within which the materials were to be furnished, and no time when they were to be paid for.

The materials were to be furnished in a reasonable time, and paid for in a reasonable time.

The evidence in the case discloses the fact that the petitioner took a chattel mortgage on certain property for the security of his debt.

The court decreed that Kinzey, the defendant below, " pay the said sum ($179.32) to said Thomas, within the period of thirty days from the date of this decree, with legal interest, and that he also pay the costs of this cause within the same time ; and that in default of said payment, a special execution be issued, etc., commanding the sale of said premises," etc.

The decree further provides : " In case the proceeds of said sale shall be inadequate to the payment of said debt, that then an execution be issued for the unpaid residue, to be levied upon the lands and tenements, goods and chattels, of said Kinzey, as in cases of executions issued on judgments at law."

The errors assigned are, that :

The court erred in overruling the demurrer interposed by the defendants below to the petition of the complainant.

The court erred in entering a decree for complainant in the court below.

The court below erred in decreeing that the plaintiff in error (defendant below) pay the debt found due to complainant within thirty days from the date of decree ; and in case of default that the premises described in complainant's petition, be sold to pay the same.

The court erred in decreeing that said premises be sold under a special execution.

The court erred in decreeing that in case the premises did not sell for enough to pay the debt and costs, that the complainant have an execution, as at law, for the unpaid balance.

J. I. BEARDSLEY, and J. B. CARPENTER, for Plaintiffs in Error.

This is not such a contract as brings the party, seeking to enforce it, within the provisions of the statute on this subject. *Brady* v. *Anderson et al.*, 24 Ill. 110; *Sutherland et al.* v. *Ryerson et al.*, ib. 517.

The evidence in the case discloses the fact that the petitioner took a chattel mortgage on certain property for the security of his debt. 24 Ill. 113, per WALKER, Justice; 1 Gilm. 501.

The court should not in any case order a sale of the premises in a less period of time than ninety days. *Link* v. *Architectural Iron Works*, 24 Ill. 551.

G. W. SHAW, for Defendant in Error.

Cited, 3 Scam. 347; 12 Ill. 441; Chit. Pl., vol. 1, p. 223; 20 Ill. 390; 9 Wheaton, 426—430; 3 Scam. 188, 544; 21 Ill. 425—431, 437; 22 Ill. 252; 23 Ill. 80, 473; 24 Ill. 112, 198, 517, 529; 25 Ill. 80, 169, 358; 24 Ill. 268; 4 Scam. 527; 13 Ill. 534, 281.

BREESE, J. This was a petition for a lien for materials furnished in the erection of a dwelling-house and fencing on a part of the land described in the petition. An answer was put in by the principal defendant, the plaintiff here, which was stricken from the files, for the reason that it was not filed within the time fixed by the court. Thereupon the defendants who had not answered interposed a demurrer to the petition, which was overruled. We have only to do with the questions arising upon the demurrer to the petition. The demurrer was general, and to the merits, and in bar of the action, and brings before us the sufficiency of the petition under the statute. About this we cannot hesitate, as the defendants' counsel admits that it was defective, for while it shows an agreement to furnish such timber and material as the plaintiff here should request, to be paid for within a reasonable time after delivery, it does not show that such request was to be made within

three years, either as to the delivery or payment. We have so often decided, that the petition must make a case provided for by the statute, that it is only necessary to refer to the cases on that point. *Cook* v. *Heald*, 21 Ill. 425; *Same* v. *Vreeland*, 21 Ill. 431; *Same* v. *Rofinot*, 21 Ill. 437; *Senior* v. *Brebnor*, 22 Ill. 252; *McClurken* v. *Logan*, 23 Ill. 80; *Brady* v. *Anderson*, 24 Ill. 112; *Moser* v. *Matt et al.*, 24 Ill. 198; *Burkhart* v. *Reisig*, 24 Ill. 529; *Phillips* v. *Stone*, 25 Ill. 80; *The Columbus Machine Manufacturing Co.* v. *Dorwin*, 25 Ill. 169; *Same* v. *Ulrich*, 25 Ill. 169; *Scott* v. *Keeling*, 25 Ill. 358.

In some of these cases the defects are pointed out by special demurrer, but they can, if substantial, be reached as well by a general demurrer, as in this case. For the defects in the petition, the demurrer should have been sustained.

The record also shows, in the defense set up by the incumbrancers on this property, that the petitioner had taken additional security for the amount of his debt, by a chattel mortgage duly executed on certain personal property of the defendant Kinzey, to secure the payment of the note given by him for these materials. We have said in *Brady* v. *Anderson*, 24 Ill. 113, taking other security, either on property or that of individuals not parties to the transaction, would have the effect to discharge the lien. Here security was taken on personal property duly mortgaged; and the lien was discharged thereby. The settled doctrine is, that a vendor of land waives his lien wherever he takes distinct security for the payment of the purchase money, such as a deposit of stock, a pledge of goods, a mortgage on real or personal estate, or the responsibility of a third person, and we can see no difference in principle, between such a lien and the lien of the material man; both are secret liens. *Conover* v. *Warren*, 1 Gilm. 501, and cases there cited.

As to the remaining point made, that the decree directed the sale of the land in thirty days, we have said in *Link* v. *Architectural Iron Works*, 24 Ill. 553, that as there is no redemption of premises sold under a decree to enforce a lien of this kind, the decree should fix a reasonable time within which the money is required to be paid, and in default of pay-

33

ment within the time, decree a sale of the premises, or a sufficient portion to pay the money for which the decree is rendered. When the amount is large, the time should be longer than when it is small, but in no case should the sale be ordered at a shorter period than the lifetime of an execution at law.

This error is not obviated by the order for a special execution, for the life of that would be controlled by the time fixed by the court for the sale. For these errors, the decree is reversed, and the cause remanded.

*Decree reversed.*