ABRAHAM F. CROSKEY *et al.*

*v.*

FRANCIS E. COREY *et al.*

1. MECHANICS' LIEN—*what essential thereto.* In a petition to enforce a mechanics' lien for lumber purchased to improve a certain lot, it is essential to the creation of the lien, that it shall appear to have been purchased for that purpose.

2. SAME—*what constitutes a discharge of the lien.* Where one of the members of a firm owns a lot, and he purchases lumber to improve the same, and the firm note is given in payment—that would be such additional security as would discharge the lien.

3. But if the firm orders the lumber to be placed on the premises, and it is used in the improvement of the same, and the firm afterward gave their note for the amount, it would not operate to discharge the lien.

4. SAME—*of the requisites of the decree.* In a decree to enforce a mechanics' lien, it is necessary, where there are other liens or incumbrances upon the premises, some of which are prior and some junior to the mechanics' lien, that the decree should declare the order in which the several liens attach.

5. FORMER DECISIONS. The cases of *Benneson* v. *Thayer*, 23 Ill. 374; *Kinney* v. *Thomas*, 28 ib. 502; *Hill* v. *Bishop*, 25 ib. 349, and *Croskey* v. *Northwestern Manufacturing Co.*, *post* p. 481, are cited in point.

WRIT OF ERROR to the Superior Court of Chicago.

The facts in this case fully appear in the opinion.

Mr. A. C. STORY, for the plaintiffs in error.

Messrs. RUNYAN & AVERY, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding commenced in the Superior Court of Chicago, by petition filed by defendants in error, to enforce a mechanic's lien against plaintiffs in error, on the lot of ground in controversy. The petition alleged Croskey was the owner of the premises, subject to incumbrances, about the 8th day of October, 1866; that Shufeldt and Croskey were partners, and in possession of the premises at that time; that defendants in error sold to Croskey a bill of lumber, amounting to $2,099.49, to be used in improving the premises; that there was due to defendants, on the 11th day of January, 1867, the sum of $2,035.14, to secure which sum defendants took a promissory note, and afterwards delivered more lumber, making the sum due, when the petition was filed, $2,099.49, which was employed in improving the lot in question. The petition alleges that several persons have liens on the premises, and they are made defendants.

The answer of Croskey and Shufeldt admits that the former was the owner of the ground; that the improvements were made, and that a quantity of lumber was purchased, but they deny a knowledge of the quantity, and insist that the improvements were made for the benefit of Croskey & Co. They deny that any portion of the lumber was used in the improvement of the lot in controversy, or that they represented that it was for that purpose when it was purchased; that the promissory note was given by Croskey & Co., and accepted by

defendants in error in full satisfaction of the claim. A decree was rendered by the court on a hearing, finding that the lien existed on the premises as claimed by defendants in error, and ordering the sale of the premises and the application of the proceeds of the sale to the payment of the price of the lumber then due, which was found by the court.

It is urged, that there is no evidence presented in the record to support the decree. It, however, appears from the decree, that the court, from the evidence, found facts to have been proved which, in proceedings in chancery, is held to be sufficient to support a decree. It may be, in this case, that enough of the facts necessary to support the decree have not been found. It is denied that the lumber was purchased to improve this lot, and it is not recited in the decree that it was proved or found to have been so purchased. This was essential to the creation of the lien. *Hill* v. *Bishop,* 25 Ill. 349.

It was also alleged that the note of the firm was taken in satisfaction of the debt for which the lien is claimed. If this is true, then the lien was destroyed. *Benneson* v. *Thayer,* 23 Ill. 374. But, if Croskey owned the land, and that is admitted, and the firm ordered the lumber to be placed on the premises, and it was so used, and the firm afterwards gave their note for the amount, it would not discharge the lien. But if Croskey alone purchased the materials used to improve his land, and afterwards the firm note was given, that would be such additional security as would discharge the lien. It has been held that taking separate and distinct security will release the premises from the lien, and this is so, whether the security is on property or persons. *Kinney* v. *Thomas,* 28 Ill. 502. The answer admits that plaintiffs in error made the contract for the purchase, and hence, the giving of the firm note could not be held to be additional security.

In the decree for the sale of the property, there was no error if it appeared that the materials were purchased to be used in improving this lot, but it is erroneous in not finding

and declaring the order in which the several liens attached to these premises. In this case there were mortgages and judgments, which were liens on this property, some prior and some junior to this lien for materials. In this, there is no material difference in this case from the case of *Croskey* v. *Northwestern Man. Co., post* p. 481. In that case the decree was reversed because the order in which the several liens attached was not found by the decree. The rule in that must govern this case. And for this error the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*