## Dorcas Horney v. The Town of Coldbrook.

1. MISTAKE—*Recovery of Money Paid by, for Right of Way in Opening Roads.*—Where, in the proceedings for opening a highway, the commissioners pay money for the right of way to a person under the belief that such person is the owner of the entire interest in the land to be taken, and that such interest had been condemned, when in fact it had not, such person having only a life interest therein, the money is paid without legal authority and may be recovered back.

2. HIGHWAYS—*Void Proceedings to Open—Recovery of Money Paid*

*for Right of Way.*—Where the proceedings to open a highway are declared void, money paid by the commissioners for the right of way may be recovered back as money paid by public officers without authority.

3. SAME—*Set-off in Suits to Recover Money Wrongfully Paid.*—Where money is paid to a person supposed to be owner of the fee of lands for the right of way in proceedings to open a highway and the proceedings are afterward declared void because the owners of the fee are not parties, etc., and new proceedings are instituted in which the interest of such person is fixed at a less sum, such sum may be set off *pro tanto* in proceedings by the town to recover back the amount paid under former proceedings.

**Assumpsit,** money had and received. Appeal from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

GRIER & STEWART, attorneys for appellant.

In order to recover back money under the counts for money had and received, claimed to have been paid through mistake, the plaintiff must show that the mistake was not chargeable to himself alone, and if it was paid into court under rule for that purpose it is conclusive even though paid erroneously. Nor can money paid under a mistake of fact be reclaimed where the plaintiff has derived a substantial benefit from the payment; nor where the defendant received it in good faith in satisfaction of an equitable claim. 2 Greenleaf's Evidence, Sec. 123.

As between individuals, where money is voluntarily paid under a mistake as to the law, and under a claim of right, it can not be recovered back. The People v. Foster et al., 133 Ill. 496.

Where the circumstances calling for the payment are well known to the party making the payment, there is no payment under a mistake of fact. In order to recover money paid on the ground that it was paid by mistake, there must be a mistake of a material fact, and it must be without consideration. Holt v. Thomas et al., 38 Pac. Rep. 891; 105 Cal. 273; Pensacola & A. Ry. Co., 16 So. Rep. 317.

KIRKPATRICK & ALEXANDER, attorneys for appellee.

If money is paid under the impression of the truth of a

fact, which is untrue, it may be recovered back, however careless the party may have been in omitting to inquire into the fact. Kelly v. Solari, 9 M. & W. 59; Frambers v. Risk, 2 Ill. App. 499; Hurd v. Hall, 12 Wis. 113; Devine v. Edwards, 87 Ill. 177; 18 Am. and Eng. Ency. 225; County of LaSalle v. Simmons, 5 Gil. 513; Walker v. Conant, 65 Mich. 194; Koontz v. Central National Bank, 51 Mo. 275; Marriot v. Hampton, 2 Sm. L. C. 403; Rheel v. Hicks, 25 N. Y. 289; Frakir v. Little, 24 Kas. 598; Lawrence v. The American National Bank, 54 N. Y. 435.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit by appellee to recover from appellant certain money paid to her by its commissioners of highways, by reason of having wrongfully overpaid her the entire interest in land over which the commissioners had laid out a highway erroneously, supposing she owned the fee, when it was afterward learned she only held a life interest in the same, and where the road was illegally laid out.

The appellant was the widow of Philip Harvey, deceased, and there were seven children.

Under certain petition to lay out a highway, and on appeal to three supervisors, condemnation proceedings were had to lay out the proposed highway across the land in which appellant had a life interest, and the children of Philip Harvey, deceased, had a reversion.

The petition for the highway named appellant as one of the land owners and made no mention of the reversioners. The supervisors called a jury and had appellant's land assessed without taking into account the other interest and the jury gave her $500 as her damages. The supervisors ordered the road laid out according to the petition.

On April 22, 1893, the commissioners of highways ordered the damages to be paid her assessed by the jury, and the same was paid. Thereupon the commissioners proceeded to force open the road, when the heirs of Philip Harvey, the remaindermen of the same land in which appellant had a

life interest, sued out a writ of injunction from the Circuit Court enjoining the commissioners from opening the road.

1.   The grounds alleged in the bill for the injunction, were that complainants were the owners of the land and their damages had not been assessed.

2.   That the commissioners of highway had no jurisdiction, because no petition had ever been posted according to law.

3.   Because supervisors had no jurisdiction; because no legal order had ever been entered by the commissioners, and because O'Riley & Whitman were not owners of land on the line of the road and could not appeal.

4.   If the supervisors ever had jurisdiction it was lost, because the supervisors gave notice for final hearing on the matter August 13, 1892, setting the hearing on the 29th, more than ten days later; in consequence the order entered on the 29th opening the road was void.   The allegations of the bill were confessed and the court made the injunction perpetual against opening the road by the defendants.

After this a second petition was presented for the same road and it was laid out under it, and in that proceeding appellant's interest was assessed at $87.56, and the reversionary interest on the same land at $412.50, and the latter amount paid to the heirs and the road opened.

After demand on appellant for the money and refusal, this suit was brought and recovery had against appellant for $412.50, the excess paid her over what was allowed her by the second jury.

It is insisted by counsel for appellant that the appellee is bound by the assessment of the jury, and that it was not paid out through mistake of facts; and that the consideration has not failed.

Upon examination of the record, we think that the commissioners paid out the money to appellant under the belief that the entire interest in the land had been condemned, and that appellant owned the entire interest, though some of them had been informed that she only had a life interest in the tract.

It must be remembered that the commissioners of highways, if they knew that the entire interest had not been condemned, that they were getting no right of way over this tract by paying this money, and that they had no legal authority to pay it.

The commissioners were acting for the public and within limited powers, and the public would not be bound by unauthorized acts, where, in some instances, an individual might be.

The commissioners exceeded their authority in paying out the money on the void order, and when the road was declared void the entire scheme failed, and there was no shadow of any right for the road even as against appellant. The commissioners could not hold a right of way over appellant's land where there was no road at that point or anywhere else; it never was opened at any point. The whole proceeding had failed and appellees were entitled to recover back the entire amount. The road was void and all proceeding from the beginning abandoned.

But as appellant's interest had been fixed on the second proceeding to condemn, it was proper to allow her a credit for the amount allowed her, $87.50, which was done. She can not complain of this in her own interest.

We think the case of Bradford v. Chicago, 25 Ill. 349, is very much in point, only that case was where an individual had paid an assessment to a municipal corporation where the improvement was abandoned because the assessment roll was void.

It is insisted that if in that case the city had not abandoned the improvements and gone ahead, the case would have been different. It will be remembered that the road was entirely abandoned under the first proceeding to lay it out because the commissioners were enjoined.

The first proceeding went for naught, and the last was not, nor could be, in any way connected with it.

The first proceeding was in no way used in obtaining appellant's right of way, but as she had money in her hands paid to her wrongfully by the commissioners, it was proper

to offset what they owed her for her right of way under the last condemnation proceedings against so much of the money in her hands.

Seeing no error in the record, the judgment of the court below is affirmed.