GEORGE S. LYON & SONS LUMBER AND MANF. CO.

*v.*

THE EQUITABLE LOAN AND INVESTMENT COMPANY.

*Opinion filed June 18, 1898.*

1. MECHANICS' LIENS—*a contractor taking other security waives his right to a lien.* A contractor entitled to a mechanic's lien waives his right thereto by accepting a note of the debtor with the name of a third person as surety thereon.    .

2. SAME—*third parties not affected by agreement that taking security will not waive lien.* An agreement between a debtor and a contractor, at the time of the contractor's taking additional security for the lien, that he may file his claim for lien against the property, is not binding upon a third party interested in the property who has no notice of the agreement.

*Equitable Loan Co.* v. *Lyon Lumber Co.* 72 Ill. App. 489, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

MILLS BROS., for appellant:

We concede that where a mechanic or material-man takes additional security, either personal or real, for his claim, the law presumes that he has waived his lien. The authorities quite conclusively sustain this position. But those authorities do not sustain the position that this is such a conclusive presumption that it cannot be overcome by proof that the lien was not waived. *Mackreth* v. *Symmons,* 15 Ves. 347; *Stroud* v. *Pace,* 35 Ark. 100; *DeForest* v. *Holum,* 38 Wis. 516; *Gnash* v. *George,* 58 Iowa, 492; *Hunt* v. *Marsh,* 80 Mo. 396; 2 Jones on Liens, 1519-1523.

FIFER & BARRY, and W. C. JOHNS, for appellee:

The taking of other security, either on property or that of individuals, would have the effect to discharge the premises from the lien. *Brady* v. *Anderson,* 24 Ill. 113.

A vendor of land waives his lien whenever he takes distinct security for the payment of the purchase money, such as a deposit of stock, a pledge of goods, a mortgage on real or personal estate, or the responsibility of a third person; and there is no difference, in principle, between such a lien and the lien of the material-man. Both are secret liens. *Kinzey* v. *Thomas,* 28 Ill. 502.

Taking collateral security is a clear waiver by the vendor of a lien on the property for the purchase money, and when once waived it cannot be re-asserted. *Ilett* v. *Collins,* 103 Ill. 74.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill in equity, brought by the George S. Lyon & Sons Lumber and Manufacturing Company, against Frank P. Roddy and the Equitable Loan and In-

vestment Association, to enforce a mechanic's lien. In the month of February, 1895, the lumber and manufacturing company entered into a contract with Frank P. Roddy to furnish lumber and mill-work for a house he was about to erect on a certain lot in Decatur. The petitioner claims to have furnished lumber and materials amounting to the sum of $731.08, which Roddy used in the erection of the house. The house was completed on the 28th day of August, 1895, and a claim for lien was filed in the office of the circuit clerk on November 13, 1895. During the same month the lumber and manufacturing company accepted of Roddy his note, signed by Agnes V. Roddy as surety, for the amount of its account, payable in March, 1896. On the 9th day of July, 1895, Roddy became indebted to the Equitable Loan and Investment Association in the sum of $2000, and in payment of the indebtedness he executed a bond secured by mortgage on the premises in controversy, which mortgage was filed for record July 15, 1895. The Equitable Loan and Investment Association put in an answer to the bill, denying that complainant was entitled to a mechanic's lien as against it, and filed its cross-bill setting up the execution and delivery of the bond and mortgage, default in payment, etc., with prayer for foreclosure, and that its lien should be decreed to be superior to that of appellant.

Upon the hearing the following stipulation was made: "It is admitted by complainant that it took a note for the amount of its claim in this particular case, dated in November, 1895, and due in March, 1896, signed by Frank P. Roddy and Agnes V. Roddy. At the time of taking the note it was the understanding that complainant was to file a lien for the amount of its bill against the property in question, but the Equitable Loan and Investment Association had no notice of such understanding."

The circuit court found in favor of the complainant, and entered a decree giving it a prior lien over the Equitable Loan and Investment Association. The associa-

tion took an appeal to the Appellate Court, where the decree was reversed and the cause remanded, with directions to enter a decree giving the loan and investment association a superior lien on the premises.   To reverse the judgment of the Appellate Court the lumber and manufacturing company has brought this appeal.

As has been seen, after the material for the house had been furnished, the lumber and manufacturing company made a settlement with Roddy, the owner of the premises, and took his note for the amount of its claim, with Agnes V. Roddy as surety, payable in March, 1896, and the question presented is, whether this discharged the lien conferred by the statute.   The question is not a new one in this State.   In *Brady* v. *Anderson,* 24 Ill. 111, it was said that the taking of other security, either on property or that of individuals not parties to the transaction, would discharge the lien.   In *Kinzey* v. *Thomas,* 28 Ill. 502, where a chattel mortgage was taken to secure the debt, it was held that discharged the lien.   It is there said (p. 505):   "The settled doctrine is, that a vendor of land waives his lien whenever he takes distinct security for the payment of the purchase money, such as a deposit of stock, a pledge of goods, a mortgage on real or personal estate, or the responsibility of a third person, and we can see no difference, in principle, between such a lien and the lien of the material-man."   In *Gardner* v. *Hall,* 29 Ill. 277, where the material-man agreed to accept a mortgage for the amount of the lien but the mortgage was not given, it was held that as the agreement to give a mortgage was merely executory the lien was not discharged, but the court said:   "Had the mortgage been given, as agreed, that would, of itself, have destroyed the mechanic's lien."   In *Croskey* v. *Corey,* 48 Ill. 442, where one of the members of a firm owned a lot and purchased lumber to improve it, and the firm note was given in payment, it was held that the giving of the firm note would be such additional security as would discharge the lien.

In *Kankakee Coal Co.* v. *Crane Bros. Manf. Co.* 138 Ill. 207, it was held that where the party entitled to a lien accepts the note of the debtor, with the name of a third party endorsed thereon, the lien will be waived.

From the ruling in the cases cited it is clear that the acceptance of the note of the owner of the premises, with Agnes V. Roddy as surety, was a waiver of the lien.

It is, however, contended in the argument that the lien was not waived because at the time the note was taken it was understood that complainant was to file a lien for the amount of its claim against the property. It may be true that an agreement of that kind might save the lien as against the owner with whom it was made; but the loan and investment association had an interest in the premises to the extent of $2000, and any agreement made between the complainant and the owner of the land could not have any bearing on its rights. The association had no knowledge whatever of the secret agreement, and we are aware of no principle upon which it could be bound by it. The act of taking a note with security released the property from the lien, and the rights of the appellee, as mortgagee of the property, became fixed, and no agreement entered into between the owner and complainant could change or take away its rights. It must be admitted that the lien would be discharged, even as to the owner of the property, if no agreement had been made; but while the owner might bind himself as to the extent of his interest in the property, he could make no contract which would be binding on others interested in the property. Appellee was no party to the agreement. It had no knowledge of it and its rights are unaffected by it.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*