Brady *v.* Anderson et al.

C. J. METZNER, for Appellant.

W. B. PLATO, for Appellees.

---

WILLIAM BRADY, Plaintiff in Error, *v.* HORACE G. ANDERSON *et al.,* Defendants in Error.

ERROR TO PEORIA.

A petition to enforce a mechanics' lien for materials furnished, which avers that the time of payment was not extended beyond the period of one year for the time stipulated for the completion of the work, is insufficient.

This lien will not be extended to cases falling within the reason, but not provided for by the language of the statute.

If the petition avers that materials were to be paid for on delivery, evidence that no time was specified for the payment of them, would sustain the averment.

A mechanics' lien is not lost, by the taking of a note bearing interest, from the owner of the premises.

THIS was a petition for a mechanics' lien, filed by Horace G. Anderson and John C. Proctor, against William Brady, Hezekiah M. Wead, and Robert A. Smith.

The petition averred that the petitioners are partners, and that about the 25th of August, 1856, " William Brady, being or pretending to be the owner " of lots 4 and 5, in block 35, in Peoria, and being then about to build a hotel thereon, " contracted with petitioners to sell and furnish such lumber and materials as Brady might want or need in the prosecution of such building."   No particular quantity contracted for, and no price fixed, but a reasonable price was to be paid in a reasonable time.

Brady *v.* Anderson et al.

That in pursuance of such contract the petitioners furnished lumber, materials, joists, boards, strips, studding, and other articles.

That Brady received such materials, and appropriated them in said building.

That petitioners took and received from Brady, for lumber, materials, and other articles delivered to him before that time, after deducting $200, paid and credited in account, a note in these words:

$563.21. *Peoria, January 5th,* 1857.

On or before the 28th of September next, I promise to pay to the order of Anderson & Proctor, five hundred and sixty-three and 21-100 dollars, value received, with interest at ten per cent. per annum, it being for material furnished for the building of my hotel, called the Buckeye House, situated in the city of Peoria, payable at the banking house of N. B. Curtis & Co.

(Signed) WILLIAM BRADY.

That since the execution of the note, Brady has received lumber and materials amounting to the further sum of $30.94. And petition charges that there is due $655.14.

That Wead and Smith have some interest in the premises, etc., as security for money borrowed by Brady.

That the premises are worth at least $15,000. " The time for furnishing said lumber and materials was not extended for a longer period than three years, nor the time of payment beyond the period of one year for the time stipulated for the completion thereof."

Prayer for the answer, that an account may be taken, decree made, etc.

Brady filed a demurrer, assigning the following among other reasons : That the extending the time for payment and taking the note at ten per cent. discharged the lien, if any had attached. That the court is asked to enforce not the original, but a subsequent contract, unknown to the statute.

The answer of William Brady admits ownership of lots.

Admits a contract for the first and second items of the account, amounting to $360.44.

Denies that he contracted for any other or further lumber at or about that time.

Sets up payment of $200 on above two items at or about date thereof.

Admits that he received the other items specified in the account, but denies that he received the same under the alleged contract, or under any specific contract to use the same in or upon said hotel buildings.

Admits the making of the note set out in the petition.

Charges that the agreement therein to pay ten per cent. is illegal and void.

Bill was dismissed as to all the defendants except Brady. Trial by jury.

There was this verdict: " We, the jury, find the issues for the plaintiffs, and assess their damages at the sum of $692.04."

The decree dismisses the bill as to Wead and Smith.

The jury found the issues for petitioners, and that amount due them is $692.04, " and sustain their lien," etc.

Court finds petition to be true, that $694.04 is due, and decrees lien on lots, etc.

Directs that Brady pay amount of decree in four months, otherwise sale at court-house to highest and best bidder for cash.

Motions for new trial and to vacate decree overruled.

C. C. Bonney, for Plaintiff in Error.

H. Grove, for Defendants in Error.

Walker, J.   The petition in this case fails to allege that any time was fixed or agreed upon by the parties, for the payment of the price of the materials furnished.   That a time for payment, within the period limited by the statute, should have been fixed by the parties, was necessary to create the lien in favor of the material man, has been repeatedly held by this court.   In this, the petition was clearly defective.   Nor was the case in anywise aided by the evidence.   To recover, the allegations and proofs must agree, at least in substance.   This lien is given by statute, is in derogation of the common law, is secret in its nature, no notice being required, by record or otherwise, either to creditors or purchasers, and it should therefore receive a strict construction.   This lien, like all others of the same character, should be fairly enforced, when the party brings himself within the provisions of the statute, but it should not be extended to cases falling within the reason, but not provided for by the language of the statute.   Nor can well-established rules of pleading be violated to aid in its enforcement.   When the pleadings and evidence show that the party is entitled to its benefits, it will be enforced regardless of the hardships it may inflict upon creditors and purchasers, unless the holder of the lien, by some act of his, has contributed to such a result.

If the petition contains an allegation, that the labor or materials furnished, were to be paid for on performance or delivery, then evidence that no time was specified for payment by the parties, would sustain the allegation.   And it is for the reason,

that when no time of payment is specified, the money is due upon delivery or performance. In this case, the petition alleges that the payment was to be made in a reasonable time after the materials were delivered. The evidence fails to sustain the averment, as no such agreement was made; but on the contrary, it appears that no time was specified for the payment. And the legal effect of the contract would be, that the materials were to be paid for on delivery. This evidence shows a contract for payment at a different time from that set out in the petition, and this was a material variance between the petition and the evidence.

It is likewise insisted, that by taking the note of the owner of the premises, the petitioner lost his lien. While the taking of other security, either on property or that of individuals, not parties to the transaction, would have the effect to discharge the premises from the lien, yet the mere settlement and adjustment of accounts, and taking the note of the owner of the premises, who incurred the debt, is in no sense a change of security, or security of any description. The note when taken is only evidence of the debt, and cannot be held to affect the lien. Nor do we perceive, that the fact that such a note was taken with the legal rate of interest, can in any degree change the attitude of the parties. The interest is only an incident to the debt, and is justly given as a compensation for delay in payment. No reason is perceived why the mechanic performing labor, or the material man who contributes materials for the structure, should not be as justly entitled to this compensation, as a mortgagee, judgment creditor, or other person holding a lien on real estate. The statute has not prohibited these liens from bearing interest. But the law has, in general terms, authorized parties to contract for the payment of interest on indebtedness. And we think a debt of this character is embraced in its provisions.

The decree of the court below is reversed, and the cause is remanded, with leave to amend the petition, and for further proceedings.

*Decree reversed.*