JOHN LINK, Appellant, *v.* THE ARCHITECTURAL IRON WORKS, Appellee.

24 551
44a 510

### APPEAL FROM COOK.

A material and substantial amendment to a petition for a mechanics' lien, if made within ten days of the commencement of the term, entitles the defendant to a continuance, and it is error to refuse it.

There is no redemption from the sale of premises under a mechanics' lien.

Courts should fix a reasonable time within which the defendant is to pay the money, under a mechanics' lien, taking into consideration the amount required to be paid, and in no case should it be less than ninety days.

THIS was a petition for a mechanics' lien, by appellee against appellant. The facts necessary to a full understanding of the case, are stated in the opinion. The jury found a verdict for the petitioner, for $3,119.

Motion for new trial overruled. Exception taken.

Judgment and decree for petitioners, for $3,119, against John Link; that petitioners have a mechanics' lien upon the premises and real estate described in plaintiff's petition.

That L. C. P. Freer, master in chancery, sell said real estate and premises, described in said petition, with the buildings and appurtenances thereon situated, after publishing the hour, day, and place of sale, for twenty days prior thereto, in a daily newspaper published in Chicago, to the highest bidder for cash, at the time set for the sale; make proper conveyances of the premises sold to such purchaser, and apply the proceeds as follows :

1. To pay all costs of sale, including the master's commissions, also the costs in this cause.

2. To pay plaintiffs the sum of $3,119, with interest from date of decree to the day of sale.

3. To pay the surplus, if any, into court to await its further order.

4. That said Link, his personal representatives and assigns, be forever barred from having or maintaining any claim against said premises.

5. That if said premises shall not sell for enough to pay said costs, expenses, judgment and interest, as aforesaid, that said complainant have an execution against said defendant for any balance remaining unpaid.

From this decree defendant appeals to this court.

A. W. WINDETT, for Appellant.

GEORGE A. INGALLS, and VAN BUREN & GARY, for Appellee.

WALKER, J. When this case was being tried in the court below, leave was granted to amend the petition. The defendant then entered a motion for a continuance, which was overruled by the court, and that decision of the court is assigned as error. All material amendments in the declaration or bill, by the uniform practice of our courts, entitles the defendant to a continuance of the cause. The practice act has secured this privilege to the defendant, by requiring the declaration or bill to be filed ten days before the first day of the term to which it is entitled, and requires the cause to be continued for want of that length of time. When a material amendment is made, the first cause of action is abandoned, and a new one is relied upon for a recovery. Unless the change in the cause of action is made with the leave of court ten days before the term, the defendant is deprived of the length of time allowed him by the statute to prepare his defense.

The question then presented, is, whether this change was in matter of substance or only in form. The petition, as filed, alleged that by the contract, petitioners were bound to deliver the material for the last story of the building, in New York, by the tenth day of July, 1857. The amendment changed the allegation to an obligation to ship the material on board, in New York. Under the allegation that they were to be delivered in New York, proof that they were delivered at the factory of petitioners, or at any other point in the city, would have fully sustained it. But under the amended petition, any evidence which failed to show that these materials were delivered on board, would not have entitled the petitioners to a recovery. The contract set out in the petition as it was filed, imposed upon the plaintiff in error, the trouble, the expense, and the risk of the shipment, while that set up in the amended petition imposed it upon the defendants in error. Thus it is seen the two contracts were substantially different. The amendment was substantial and material, and when made, entitled the defendant below to a continuance, and it was error to refuse it.

It is also urged that the decree should be reversed, because the appellees were allowed the price of one of the front columns, as extra work. This, in point of fact, is untrue. The evidence abundantly shows, that the parties settled the entire matter, except the price claimed for this column, which was by agreement left for future adjustment. There was found by the parties, to be then due appellees, the sum of $2,850.24. This settlement was had on the 24th day of September, 1857, and the trial occurred on the 23rd of April, 1859, one year and seven months afterwards, and the interest on the sum found to be due by the parties, for that period of time, would amount to the sum

of $270, which, added, would make the aggregate sum of $3,120.24, one dollar more than was found by the verdict. Thus it is apparent that the price claimed for this column entered into and formed no part of the verdict or decree.

This court has held, that when premises are sold under a decree, to enforce a mechanics' lien, it is without redemption. *Armsby* v. *The People*, 20 Ill. R. 155. This being the case, the decree should fix a reasonable time within which the money is required to be paid, and in default of payment within the time, decree the sale of the premises, or a sufficient portion to pay the money for which the decree is rendered. When the amount is large, the time should be longer than when it is small. In no case should the sale be ordered at a shorter period than the lifetime of an execution at law. The law gives the sheriff ninety days within which to make the money, or the sale, and this, when the defendant has a year to redeem his land, when sold. It would, therefore, seem no more than equitable and just, that the defendant, in a proceeding of this nature, should at least have the time an execution runs, to pay the money, and save his lands from an irredeemable sale.

The decree of the court below is reversed, and the cause remanded.

*Decree reversed.*