Claycomb v. Cecil.

SAMUEL CLAYCOMB, Appellant, *v.* WILLIAM V. CECIL, Appellee.

APPEAL FROM PEORIA.

In a proceeding for a mechanics' lien the law implies a contract to pay for the work when it shall be done, if other terms are not specified.

A sale under a mechanics' lien, as there is no redemption from it, should not be authorized within a less period than the lifetime of an execution; and if the amount of the judgment is large, a longer time should be given.

THIS was a petition to enforce a mechanics' lien against a building situated on a lot in Monmouth, Illinois, and filed in the Warren Circuit Court.

The original petition sets forth, that the petitioner was employed by the defendant to burn a kiln of brick, to be used in erecting a building on lot No. 1, in block No. 10, in Monmouth, in said county, and also to lay up a large quantity of brick and stone in a building on said lot, and specifies the nature of the contract, etc.

By leave of court, the petitioner filed an amended petition, in which he sets forth, in several distinct paragraphs, the several contracts made by him with Claycomb for burning brick, for laying up brick or putting them in the wall, for laying stone caps and sills in the wall, and for furnishing lime and sand, etc., for a wall.

The petition alleges, that on or about the 1st day of May, 1857, Claycomb, who was the owner of lot one, in block ten, in Monmouth, engaged the petitioner to make and burn 84,000 brick, for the purpose of building and erecting, in part, a building on said lot, and that Claycomb agreed to pay him what the making and burning of the brick was reasonably worth, within a reasonable time thereafter, to wit, on or before the 10th day of July, 1857; that he did make and burn the brick before that time; that the brick were put into and used for the erection of a building on said lot, and which "is now on the lot," and said brick forms a part of the material of said building.

The petition further alleges, that the making and burning of said brick was worth $1.50 per thousand; that the whole amount is $126, which Claycomb refuses to pay, and which is now justly due to petitioner.

Also that on or about 1st July, 1857, defendant employed petitioner to build, lay, and put 357,996 brick into a wall, for the purpose of erecting said building on said lot, and agreed to pay therefor, when the work was completed, what it was reasonably worth, and the wall was to be built during the summer and fall of the year 1857; that he did build, lay and put said brick into a wall on said lot, within the time specified; that it was worth $4 per thousand, and amounted to $1,431.98, which defendant refuses to pay.

That on the 1st June, 1857, defendant purchased of petitioner 700 bushels of sand, and agreed to pay what it was reasonably worth; that the sand was bought for and used in the erection of said building on said lot, and was worth twelve cents per bushel, amounting to $84, which defendant refuses to pay.

That on or about the 1st day of July, 1857, defendant employed petitioner to raise, set, and put in forty-nine pair of cut-stone window and door caps, and door sills in said building, which was erected on said lot, and promised to pay therefor what it was reasonably worth; that they were to be set in said building, as the erection of the same progressed, and, when finished, petitioner was to be paid; that the building was put up by petitioner, and the caps and sills were put in and finished during the fall of 1857, and were reasonably

worth seventy-five cents per pair, amounting to $36.75, which defendant refuses to pay.

The petition then alleges, that all of said contracts were parol contracts, and not in writing, and that the whole amount due petitioner is $1,702.73.

The cause was removed to Peoria county.

The answer denies that defendant employed the petitioner to make and burn 84,000 brick, or that he employed him to burn any brick whatever, or that he ever did make or burn any brick on any contract with him.

Denies that he did employ petitioner to build, lay, and put 357,996 brick into a wall, for the purpose of any building whatever.

Admits that he was the owner of lot 1, in block 10, in the city of Monmouth, and expressly denies that he ever employed petitioner to raise, set, and put in forty-nine pair of cut-stone window and door caps and sills in the building described in the petition, and denies any agreement to pay for the same.

The answer then alleges, that on the 12th day of April, 1856, defendant made a written agreement with Alexander M. Warwick, and Cecil, the petitioner, (who were then in partnership,) to make and burn 250,600 brick, during the year 1856, and lay them up; that under this agreement, Warwick & Cecil burned about 150,000 brick, which they afterwards used in building a school-house; that defendant paid Warwick & Cecil for burning those brick. "That Warwick & Cecil were to lay all of the brick that would be necessary to build a large hotel, several stories high, and were to lay said brick at $2.50 per thousand, as set out in said agreement."

He admits that he was to pay petitioner $1.25 per thousand for burning about 84,000 brick, which brick were put in said building, and said Cecil "began, continued, and completed said building, under the agreement made with Warwick & Cecil, and under no other agreement whatever."

That Cecil & Warwick afterwards pretended to dissolve partnership, but as defendant had paid them a large amount, they did not pretend that they were working under any other contract.

That he made out an account against Warwick & Cecil, and presented it to Cecil before the building was completed, and Cecil acknowledged it to be correct.

A replication was filed, denying all the matters set forth in the answer.

The case was tried at the November term, by the Peoria Circuit Court, and a verdict rendered for the plaintiff for

$1,156.60, and a decree entered that the same be a lien on said lot, and the lot sold to satisfy the same, etc.

McCoy & Harding, for Appellant.

H. M. Wead, and A. G. Kirkpatrick, for Appellee.

Walker, J. No defect is perceived in the petition. It alleges, a contract was entered into for the materials and labor to be employed in the construction of this building and upon the particular lot. That they were to be furnished and employed in this building, which was to be completed, within the period allowed by the statute, to create such a lien; that it was completed within the time specified; that appellee was to be paid what the labor and materials were worth, and at its completion. This fills the requirements of the statute, and if they were proved as alleged, a mechanics' lien was created upon the premises.

It is, however, insisted, that the proof fails to sustain the petition, and that the sworn answer of appellant is not overcome by sufficient weight of evidence. The proof all concurs, that the building was completed, as far as appellee's contract extended, either in November or December, 1857, and that he furnished the labor and a portion of the materials, and their value is established by several witnesses. It also appears, that appellee and Warwick had been partners, but the latter testified, that the partnership terminated in January, 1857; this labor and materials had not been furnished by the firm, and that he had no interest in the contract. McMahon testified, that appellant stated to him, that he had employed appellee to perform the labor, and had agreed to pay him. Foot testified, that appellant also informed him, that he had employed appellee to erect the building. Claycomb, appellant's witness, testified, that appellee said to him, whilst the work was progressing, that Warwick was not in partnership with him. Squire testified, that appellant informed him, in January, 1857, that appellee and Warwick were not in partnership, and that he had settled with them. This evidence abundantly establishes the fact, that the work was not performed by the firm, nor under the contract with them, of April, 1856, but under a contract with appellee.

The evidence also shows, that appellant admitted, that by the contract, the work was to be completed before cold weather, in the fall of that year. That the building was erected on the lot described in the petition. And notwithstanding there is no evidence that appellant, in terms, agreed to pay appellee

upon the completion of the work, the law implies such a contract, if no other terms were specified, and it is sufficient to support the allegation, that the labor and materials were to be paid for at that time. *Brady* v. *Anderson*, 24 Ill. 110.

But this decree provides, that the property shall be sold within ninety days after the sheriff shall have received a copy of the decree, in the same manner as sales are made on executions at law. In the case of *Link* v. *Architectural Iron Works*, 24 Ill. 551, it was held, that as this sale is made without redemption, the court should, in the decree, fix a reasonable time within which the money shall be paid, and in default of payment within that time, decree the sale of all or so much of the premises as would be necessary to produce the money. It was also said, that it was no more than equitable, that the defendant should have at least the lifetime of an execution within which to pay the money, to prevent an irredeemable sale of his land. (See also *Strawn* v. *Cogswell*, decided at the present term.) By the terms of this decree, the sheriff might have advertised and sold the premises, at the expiration of twenty days after the adjournment of the court, upon being furnished with a copy of the decree at the time when the court adjourned. Whilst every case must, to some extent, depend upon circumstances, and the right to fix the time for the payment of the money is discretionary with the chancellor, yet, in equity, the exercise of all equitable discretion by him is subject to be reviewed by the appellate court. In this case, the time was too short. Owing to the amount involved, it would not have been unreasonable to have given six months. For this error, the decree of the court below must be reversed, and the cause remanded, with instructions to the court below to enter a decree in conformity with this opinion.

*Decree reversed.*