THE KANKAKEE COAL COMPANY *et al.*

*v.*

THE CRANE BROS. MANUFACTURING COMPANY.

*Filed at Ottawa June 15, 1891.*

1. MECHANIC'S LIEN—*waived by taking other security.* The taking of other security, either on property or that of individuals not parties to the transaction, will discharge or waive a mechanic's lien. So where the party entitled to the lien accepts the debtor's note with a guaranty of its payment by a third person, the lien will be waived.

2. PROMISSORY NOTE—*indorsed by third party—presumption of guaranty.* The signature of a third party on the back of a note in the hands of the payee, is presumptive evidence that it was placed there as a guaranty at the time of the execution of the note. But this presumption may be rebutted by proof of the real agreement between the parties.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. STEPHEN R. MOORE, for the appellants:

There will be no contention that if the parties did not contract for a lien, no lien exists; or if other security was taken no lien exists. *Kinzey* v. *Thomas,* 28 Ill. 502; *Croskey* v. *Corey,* 48 id. 442.

When a material-man receives security collateral to the property, whether the security be personal or otherwise, the law presumes that it was intended to waive the lien. *Clark* v. *Moore,* 64 Ill. 273.

Mr. H. K. WHEELER, for the appellee:

As to the point that no lien existed if other security was. taken, we reply, no such question was raised, by plea or an- swer, and a question of that character can only be raised when set up in the answer or bill. When the defense to a case is not apparent in the bill itself, or as the technical phrase is, when it arises from matters *dehors* the bill, if defendant means to take advantage of it he ought to show the matter which creates the objection to the court, either by plea or by answer. Story's Eq. Jur. sec. 647; 1 Daniel's Ch. Pr. 534, 603.

A defendant is bound to apprise the complainant, by his answer, of the nature of the case he intends to set up, and he can not avail himself of any matter in the defense which is not stated in his answer, even though it should appear in evidence. *Johnson* v. *Johnson*, 114 Ill. 622; 1 Daniel's Ch. Pr. 712.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

This is a petition for a mechanic's lien filed by the appellee against the appellants and is the same case, which was before us once before, reported as *Kankakee Coal Co.* v. *Manufactur- ing Co.* 128 Ill. 627. We reversed the case, because the notes given for the engine were not produced, nor their non-produc- tion accounted for. After the cause was reinstated in the court below, and upon the second hearing, the three notes were produced by the petitioner below, the appellee here. They are signed by the Kankakee Coal Co., and are payable to the order of the Crane Bros. Manufacturing Company. Upon the back of each of them the name of James Mix is en- dorsed.

The signature of a third party endorsed in blank on the back. of a note in the hands of the payee is presumptive evidence, that it was placed there as a guaranty at the time of the execu- tion of the note. (*Parkhurst* v. *Vail*, 73 Ill. 343.) Here, we are bound to presume that Mix endorsed his name upon the

Kankakee Coal Co. *v.* Crane Bros. Manf. Co.    209

Opinion of the Court.

notes as a guarantor thereof at the time of their execution and before their delivery to the payee therein, the petitioner below. No proof was introduced to overcome the presumption arising upon the face of the papers. The notes were in the hands of the petitioner, and were produced from its possession on the hearing. No attempt was made to explain how or why the name of a third person, not the payee, came to be endorsed upon the notes. If Mix did not assume the liability of a guarantor, the presumption that he did should have been rebutted by proof of the real agreement between the parties. (*Eberhart* v. *Page*, 89 Ill. 550; *DeWitt Co. Nat. Bk.* v. *Nixon*, 125 id. 615.)

When the Manufacturing Co. accepted the guaranty of Mix, it took other security than that of the mechanic's lien. Such is the inevitable conclusion from the evidence as the record now stands. We have held that "taking other security, either on property or that of individuals not parties to the transaction, would have the effect to discharge the lien." (*Brady* v. *Anderson*, 24 Ill. 110; *Kinzey* v. *Thomas*, 28 id. 502; *Gardner* v. *Hall*, 29 id. 277; *Croskey* v. *Corey*, 48 id. 442; *Clark* v. *Moore*, 64 id. 273.) We must, therefore, hold that the petitioner waived its lien by the acceptance of the guaranty in question.

It is said, that the Coal Company should have set up the defense of a waiver by the taking of additional security in its answer. But the petitioner, claiming to have a mechanic's lien and seeking to enforce such a lien, itself furnished the proof that the lien, for which it was so contending, had been discharged. The third and fourth assignments of error are, that the decree is contrary to the law and the *evidence*, and that the court erred in decreeing a lien upon the land. We are of the opinion that these errors are well assigned.

The judgment of the Appellate Court and the decree of the Circuit Court are reversed and the cause is remanded to the Circuit Court.

*Judgment reversed.*