## Equitable Loan and Investment Association v. George S. Lyon & Sons' Lumber and Manufacturing Co. et al.

1.  CONTRACTS—*Effect of Laws in Force at the Time of Making.*—The law in force at the time of the making of a contract becomes a part of the contract and fixes the rights of the parties under it, but if the law with reference to the enforcement of the rights of the parties is changed, the law as amended must be followed.

2.  MECHANICS' LIENS—*Waiver by Taking Other Security.*—The taking of other security for his debt by a mechanic or material man will have the effect of discharging his lien.

3.  SAME—*Rights of Incumbrancers.*—An incumbrancer can insist upon the fact that the taking of additional security by a material man or mechanic will work a discharge of the lien, and he can not be deprived of this right by an agreement between the owner and such material man or mechanic to which he is not a party, and concerning which he had no knowledge.

**Bill to Enforce a Mechanic's Lien.**—Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding.    Heard in this court at the May term, 1897.    Reversed and remanded.    Opinion filed December 2, 1897.

FIFER & BARRY and W. C. JOHNS, attorneys for appellant.

MILLS BROTHERS, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

The George S. Lyon & Sons' Lumber and Manufacturing Company filed a bill at the June term, 1896, of the Circuit Court of Macon County to enforce a mechanic's lien upon

certain premises owned by Frank P. Roddy, for lumber and mill work furnished him in the 'construction of a dwelling house. Appellant was made a party and filed an answer and cross-bill, setting up that it held a mortgage upon the premises for $2,000, which it asked to be declared a prior lien.

The only question involved in the controversy was, which company had the first lien?

The Circuit Court found that the lien of appellee was superior, and decreed the payment of the amount due it ($779.30) out of the proceeds of a sale of the premises first, and the remainder to be applied to the mortgage debt of appellant, found to be $2,356.09.

On the 26th of February, 1895, appellee and Roddy entered into a contract whereby it was to furnish certain specified material for $614. No time for delivery or payment was specified, but it was furnished, together with extra lumber and material, amounting to $117.08, before the 28th of the following August.

While the house was in process of construction, on the 9th of July, Roddy mortgaged the property to appellant to secure a loan of $2,000.

Early in November appellee accepted a note executed by Roddy and his wife for the full amount of its claim payable in March, 1896, but with the understanding that appellee was to file a lien for the amount of its bill. On the 13th of November appellee filed with the clerk of the Circuit Court its claim for lien, showing that it had furnished on a contract material to amount of $614, and extras to amount of $117.08.

Appellant had no notice of the agreement between appellee and Roddy that the taking of the note signed by Roddy and wife was not to be considered as a waiver of the right to a lien.

It is contended by appellant that the claim of lien filed with the circuit clerk is insufficient for the reason that it did not contain an itemized statement of the lumber and mill work furnished, as required by the law in force prior to the

first of July, 1895. By an amendment, which went into effect on that date, the filing of an itemized statement, except for extras, was dispensed with. The contract having been entered into in February, 1895, it is insisted that the old and not the new law should have been followed.

While it is a well settled rule that the law in force at the time of the making of a contract becomes a part of the contract and fixes the rights of the parties under it, yet if the law is changed with reference to the enforcement of the rights of the parties, the law as amended must be followed. The law relating to remedy in force at the time of suit must prevail.

The legislative change, under consideration, related entirely to the remedy. The notice of claim filed, being on the 13th of November, 1895, should follow the amendment of 1895.

An insurmountable obstacle in the way of appellee's right to a mechanic's lien, however, is the note signed by Roddy and his wife. It has been repeatedly held by our Supreme Court that the taking of other security would have the effect to discharge the lien. Brady v. Anderson, 24 Ill. 110; Kinzey et al. v. Thomas, 28 Ill. 502; Gardner v. Hall, 29 Ill. 277; Croskey v. Corey, 48 Ill. 442; Kankakee Coal Co. v. Crane Bros. Manufacturing Co., 138 Ill. 207.

It is contended that appellee is not affected by that rule of law, because there was at the time of accepting the note an express understanding between it and Roddy that appellee should file notice of its claim of lien. We entertain no doubt that a lien could be enforced by a material man against the owner where other security had been taken, if, when taken, there was an express agreement that the material man should retain his right to the lien. In other words, Roddy could not in this case invoke the aid of that rule of law.

But appellant had no notice of any such agreement. It was an incumbrancer at the time to the extent of $2,000. The authorities are clear that an incumbrancer can insist upon the taking of additional security as working a dis-

charge of the lien. We do not think he can be deprived of that right by an agreement to which he is not a party, and concerning which he had no knowledge. The understanding between appellee and Roddy, that the taking of the note, with Roddy's wife as security, should not work a discharge of the lien was secret, and would not be allowed to operate against an incumbrancer. It must be conceded that the rule would be in force both as to Roddy and appellant, in the absence of a specific agreement; and if there be an agreement, it should be enforced only against those who are parties to it.

We think the Circuit Court erred in decreeing that appellee held a superior lien to that of appellant.

The decree will be reversed and the cause remanded, with directions to enter a decree that appellant has the superior lien, and that while appellee's lien has not been discharged, so far as the rights of Roddy are concerned, that it is inferior to that of appellant, and can be paid out of the proceeds of the sale of the property only after the mortgage debt of appellant is satisfied.

Reversed and remanded.