## Chicago & Riverdale Lumber Cô. v. Jacob Russler et al.

1. `Mechanics' Liens—Under Verbal Contracts.—Where work is done or materials furnished under a verbal contract, it is sufficient to give a lien if the contract provides that the work be done or the materials be furnished within one year from the date of the contract, and that final payment should also be provided thereby to be made within the same time.

2. Same—Construction of Present Lien Law with Reference to Lien Law of 1845.—The present lien law in regard to the time for completion of the work and time for final payment will receive the same construction as the lien act of 1845.

**Bill for a Mechanic's Lien.**—Appeal from the Circuit Court of Cook County; the Hon. Edward P. Vail, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed March 6, 1902.

Statement by the Court.—Appellant filed its bill for a mechanic's lien for the price of certain materials furnished to the appellees, Bunzl and Russler, and used in the construction of their greenhouse on certain lots in Fernwood Park in Cook county, Illinois, by which it was alleged, in substance, among other things, that said materials were furnished pursuant to a contract made June 14, 1898, between appellant and said appellees last named, during the summer and fall of 1898; that the last material was delivered September 30, 1898; that the same was to be paid for on January 15, 1899, and "that no definite time was fixed for the delivery of said material, but it was understood and agreed that the same was to be delivered within a reasonable time, to wit, within one year thereafter."

The bill contains, besides the above, the usual allegations of a bill for mechanic's lien, and prayer for appropriate relief. The bill proper does not allege whether the contract was in writing or verbal, but the claim for lien attached to and made a part of the bill marked exhibit 3, shows that the contract was verbal.

A general demurrer by all the appellees was interposed and sustained. Appellant elected to stand by its bill, and

the chancellor rendered a decree dismissing it for want of equity, from which the appeal is taken.

ARCHIBALD CATTELL, attorney for appellant; GEORGE P. CARY, of counsel.

ELMER H. ADAMS, attorney for appellees.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The only question presented for consideration is as to whether the bill is sufficient to sustain a mechanic's lien, the contract being verbal, and no specific time being alleged for the delivery of the material under the contract.

Appellees rely for an affirmance of the decree upon the case of Kelly v. Northern Trust Co., 190 Ill. 401. We think this case has no application here, because the court there had under consideration a written contract.

Section 6 of the lien statute, in so far as it relates to liens under verbal contracts, is as follows: " If the work is done or materials are furnished under a verbal contract, no lien shall be had by virtue of this act unless the work shall be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made within such time." We construed this part of the statute in a late case, Rittenhouse & Embree Co. et al. v. Barry et al., 98 Ill. App. 548, and held that it was sufficient to give a lien under a verbal contract, so far as it concerns the terms of the contract as to the point here in question, that it should provide that the work be done or materials be furnished within one year from the date of the contract, and that final payment should also be provided thereby to be made within the same time. We are of opinion that the allegations of the bill bring the case clearly within the case cited *supra*. The substance of the allegations is that the contract was made June 14, 1898; that it was thereby agreed that the material was to be " delivered within a reasonable time, to wit, within one year thereafter; " that the last material was delivered September 30, 1898, and by the contract it

was agreed that it should be paid for on January 15, 1899. The fact that no definite day was fixed for the delivery of the material is not important, in view of the allegation that it was to be delivered within a reasonable time, to wit, within one year after the making of the contract. In the case of Kelly, *supra*, and Freeman v. Rinaker, 185 Ill. 179, it was held that the present lien act should receive the same construction in the respect here under consideration, viz., the time for the completion of the work and the time for final payment, as the lien act of 1845. The latter act was construed by the Supreme Court in the cases of Claycomb v. Cecil, 27 Ill. 497, and Reed v. Boyd, 84 Ill. 66, and it was held, in substance, that it was not necessary that a particular day for the completion of the work or payment therefor should be fixed by the contract, but only that the time fixed should not be extended beyond the period limited by the statute. See, also, Cook v. Heald, 21 Ill. 425, and Cook v. Vreeland, 21 Ill. 435.

The decree of the Circuit Court is reversed and the cause remanded.